THE CITY OF CINCINNATI v. THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY.

1. The city of Cincinnati has rights and duties in respect to the public streets, in two characters: one, as representing general public interests, in virtue of which, order is preserved, nuisances punished, etc.; the other, individual and corporate, in virtue of which, grades are fixed, pavements laid and repaired, etc. From the exercise of its powers in the latter character, individual liabilities accrue. When, in the latter capacity, it has constructed works, which are destroyed by individuals, or the county, or the State, under proceedings to vacate the street, the city is entitled to compensation.
2. It is not barred of this right by having failed to appear in the proceedings, under the statutes providing for the vacation of streets, because its right so to appear is not express and clear.

3. So much of these statutes as authorizes the assessment of damages, by way of compensation, without the intervention of a jury, is inconsistent with the present State constitution, and void.

SPECIAL TERM.—Application for an injunction.

The facts of the case sufficiently appear in the decision.

*McGroarty & Brown*, for plaintiff.

*Ferguson & Long*, for defendant.

GHOLSON, J. On the 19th of November, 1853, the defendant filed a petition in the court of common pleas of Hamilton county, claiming to be the owner of the ground, on both sides of certain parts of two streets, in the city of Cincinnati, described in the petition, stating that it would conduce to the general interest of the city, to have the parts of the two streets vacated, for the purpose of erecting public buildings for the use of the county. Notice of the filing of the petition was given, by posting a copy on the door of the court-house, and by publication in a newspaper of general circulation in the county. The notice contained the substance and prayer of the petition. The court of common pleas, by an order made on the 10th of February, 1854, approved of the notice, and of the proof of publication.

On the 24th of March, 1854, the court made an order, vacating the streets, as asked in the petition. The order states that the petition was filed more than forty days prior to the term; that notice was given of the filing, and of the substance and prayer of the petition, more than forty days prior to the term, by publication and posting—specifying the newspaper and mode—and that the court, being satisfied, upon hearing testimony adduced in open court, that it would conduce to the general interest of said city to declare said streets vacated, *and no person objecting to the same*, ordered that the prayer of the petition be granted, and that the streets be vacated.

At and before the institution of the above proceedings by the defendant, and until within a short time, the plaintiff has

had in use, on the side of one of the vacated streets, a gutter, for the purpose of conveying water, running along a public street, into a sewer, and thence into Deer creek. This street has been constructed with a grade adapted to this disposition of the water. The defendant has entered upon, and is now proceeding to make a use of the vacated street entirely inconsistent with such prior use of the same by the plaintiff. The result is, that the defendant must either desist from the contemplated use of the vacated street, or the water, which was before conducted in that direction, must be turned in another, either by a change in the grade of the public street, or by an underground passage. Unless one course or the other be taken, there is danger of serious injury by an overflow, not only to the public street, but also to the property of individuals.

The plaintiff now applies for an injunction, to restrain the defendant from so using the vacated street as to obstruct the flow along it of the water from the public street. The object of this application is, not so much to prevent the use of the vacated street for the purpose contemplated, as to determine upon whom devolves the cost and expense of providing another channel for the water; and this raises the question whether the defendant has the right to use the vacated street, without any reference to the use before made by the plaintiff, and without any compensation for the cost or expense which will ensue by altering the grade of the public street, or providing an underground passage for the water. I state the question in this way, because it is clear, to my mind, that, so far as the defendant is concerned, it is entirely one of power and of compensation. It is not to be expected that the defendant should, and, indeed, it is not in the power of the board of county commissioners, to enter on the public streets of the city, and change their grade; the care and supervision of the streets is not under the control of the defendant, but of the city council.

In respect to the public streets, the rights and duties of the city government partake of two characters, in one of which

the general public interest is represented; in the other, a corporate, or, so to speak, individual interest.　In one character, order is preserved, nuisances are punished, etc.; in the other, grades are fixed, pavements laid down and kept in repair. It has been repeatedly held in this State, that, in the latter character, the city government assumes duties of such a description, that what may be termed individual liabilities ensue. If the grade is changed, or if the street be out of repair, and an injury ensue, there is a liability to make the damage sustained, good.　Now, where, in the construction of works rendered necessary by such a duty, responsibility is incurred, and the benefit derived therefrom is destroyed by the act of an individual, or of the county, or the State, I can see no just reason why compensation should not be made.　Upon this principle, I feel entirely satisfied that the city should be compensated for any alteration in the grades of the streets, or for any construction of a water-way, which may be rendered necessary by the improvement to be constructed by the county, in the part of the street which has been vacated. Indeed, the only question upon which I have felt any difficulty, is whether their just right of compensation has been lost in consequence of the proceedings had in the court of common pleas, which have been stated above; and, on this point, it is with diffidence that I announce my conclusion.

In looking into the acts under which that proceeding was had, (Swan St., 951–2,) it is manifest, that a vacation of a street is not to be allowed, unless the general public interests so require.　Now, in respect of such general public interests, I think the act of vacation, in this case, not only sufficient, but conclusive.　But the act (page 951), also contemplates that there should be an inquiry, by the court, into the damage, if any, to the owners of lots in the immediate vicinity of the street to be vacated; and when any damages are assessed to any such owner, they must be paid, before the street is closed. Now, the same principle upon which damages are to be allowed, because of any particular injury to the owners of lots not abutting on the street vacated, but in its immediate

vicinity, is that on which the city may be entitled to compensation under the circumstances of this case. The act, however, clearly contemplates that such claim for damages should be made in the course of the proceedings; and for this purpose, among others, notice of the filing of the petition, and of its object, is required to be given in a public manner. A failure to appear and claim damages may well be considered as either a waiver of, or a bar to any future claims, by action or otherwise, on the part of an owner of lots in the vicinity of the vacated street. Whether the plaintiff, under this view, and standing on the same principle, has been precluded by a failure to assert her claim before the court of common pleas, is the point of difficulty in the case.

There are two considerations, in view of which I have arrived at the conclusion that the plaintiff is not precluded from a claim for compensation, by reason of the proceedings under the statute.

I. Where there is a just claim to compensation for damages sustained, before it can be lost, by reason of a failure to assert it in a special statutory proceeding, the right to apply, under that proceeding, should be plain. Although the claim in this case may rest on the same principle as the claim of an owner of a lot, it is not, in terms, embraced in the statute; and it is, at least, doubtful, whether the provisions of the statute would authorize an inquiry into, and the assessment of, damages in such a case as the present.

The same principle which governed the decision in the case of *Cincinnati* v. *Coombs*, 16 Ohio, 181, appears to be applicable to this point of the case; and the city appears to be fairly entitled here to the benefit of the rule, under the application of which she was held liable in that case.

II. So much of the act for the vacation of streets as provides for an assessment of damages, the same not contemplating or authorizing the intervention of a jury, but the summary action of the court, may be considered inconsistent with the new constitution, and no longer in force. If the general public interest requires the vacation of a street, any particular

City of Cincinnati v. Commissioners of Hamilton County.

damage to an individual should be compensated, and it may well be held that this compensation should be estimated by a jury, if the party entitled to it shall so require. It is true, the case is not within the letter of the constitution, providing for the taking of private property, for, strictly, no property is taken. The provision, securing a right of trial by jury, may have a more close application. The two provisions, taken together, make it exceedingly questionable, whether the provision in the act in relation to the vacating of streets, as to the mode of assessing damages, by a summary inquiry before the court, can now be in force. It certainly was enacted on the same principle as other proceedings for the condemnation of private property, which, before the new constitution, were frequently authorized, without the intervention of a jury. If such proceedings must be considered inconsistent with the new constitution, it is difficult to see how the mode of assessment, clearly contemplated by the act for the vacation of streets, can now be maintained. If there be, in such a case as the present, a fair claim for compensation, I think the principles of the constitution do not authorize me to hold that it must be submitted for assessment, in a proceeding, the provision for which does not authorize, and does not contemplate, the intervention of a jury.

On the whole, I am satisfied that the plaintiff is entitled to be compensated, and that the remedy offered, under the proceedings before the court of common pleas, was of a character too doubtful and uncertain to require that it should have been resorted to, and a failure to do so, constitutes no bar to the present proceeding.

Unless the matter shall be arranged between the parties, as it is not desired to arrest the progress of the improvement proposed by the defendant, an order may be so framed that the necessary work, to provide for the flow of water, shall be done by the plaintiff, the defendant undertaking to pay for the same, under the further order of the court, in the case.